<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

WALTER WASHINGTON, :
: CIV. NO. 20-1722 (RMB-AMD)
        Plaintiff :
:
  v. : **OPINION**
:
WARDEN DAVID KELSEY, :
*et al.*, :
:
        Defendants :

BUMB, DISTRICT JUDGE

Plaintiff Walter Washington, a pretrial detainee incarcerated in the Atlantic County Jail in Mays Landing, New Jersey, filed this civil rights action on February 14, 2020. (Compl., Dkt. No. 1.) Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (IFP App., Dkt. No. 1-2.) 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional

>  equivalent) for the prisoner for the 6-month
>  period immediately preceding the filing of the
>  complaint or notice of appeal, obtained from
>  the appropriate official of each prison at
>  which the prisoner is or was confined.

Plaintiff did not submit his certified prisoner trust account statement, as required by statute.

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1).

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

>  Except as otherwise directed by the Court, the
>  Clerk shall not be required to enter any suit,
>  file any paper, issue any process or render
>  any other service for which a fee is
>  prescribed by statute or by the Judicial
>  Conference of the United States, nor shall the
>  Marshal be required to serve the same or
>  perform any service, unless the fee therefor
>  is paid in advance. The Clerk shall receive
>  any such papers in accordance with L.Civ.R.
>  5.1(f).

I.   *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

3

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

For the reasons discussed below, the Court would dismiss the complaint without prejudice upon screening.

II. DISCUSSION

    A. <u>The Complaint</u>

Plaintiff, a pretrial detainee, asserts jurisdiction under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (Compl., ¶4, Dkt. No. 1.) The Court accepts the factual allegations in the complaint as true for purposes of screening the complaint. Plaintiff alleges his confinement in the Atlantic County Jail began on January 18, 2020, and since that time, he must put in a request slip to obtain caselaw. (Compl. ¶4, Dkt. No. 1.) His requests for caselaw are either denied by a civilian who is not a qualified paralegal or he receives legal material that is unrelated to his case. (<u>Id.</u>) Plaintiff also complains of (1) mold, lime and rust in the showers; (2) being charged $50 per month for rent; and (3) price gouging in the canteen. Plaintiff names as defendants the warden of Atlantic County Jail and Keefee Company.

    B. <u>Section 1983 Claims</u>

42 U.S.C. § 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law….

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

1. Access to the Courts Claim

Prisoners have a First Amendment right of access to the courts but it is not a freestanding right to a law library or legal assistance. Lewis v. Casey, 518 U.S. 343, 351 (1996). To succeed on such a claim, a plaintiff must allege that he has a nonfrivolous legal claim that was frustrated or impeded. Id. at 353. Plaintiff has not alleged that he had a nonfrivolous legal claim that was impeded by the manner in which the defendants provided him with legal materials. If Plaintiff were granted IFP status, the Court would dismiss this claim without prejudice upon conclusive screening of the complaint.

2. Conditions of Confinement Claim

[A] pre-trial detainee may be subject to 'the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution.'" Carson v. Mulvihill, 488 F. App'x 554, 559 (3d Cir. 2012) (quoting Bell v. Wolfish, 441 U.S. 520, 536–37 (1979)). "[I]n the absence of an expressed intent to

6

punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015) (quoting Bell, 441 U.S. at 561.) The Third Circuit has held that a $50 per month room and board fee is not punishment under the Due Process Clause. See Carson, 488 F. App'x 554, 563 (3d Cir. 2012) ("The fees are nonpunitive and related to the legitimate purpose of partially reimbursing the government for housing expenditures.")

Plaintiff complains of mold, lime, rust and only hot water in the showers but he has not alleged that these conditions were intended as punishment. Therefore, to state a Fourteenth Amendment Due Process violation, he must allege facts suggesting that the conditions are excessive in light of the legitimate governmental purpose of providing shower facilities for inmates, a task which inherently poses a risk of exposure to mold, lime or rust. Plaintiff has not alleged the conditions caused him any sort of injury or pose a risk to his future health. Therefore, the Court does not find the conditions alleged are excessive. See Patterson v. Quigley, Civ. Action No. 16-1604, 2018 WL 1566793, at *5 (E.D. Pa. Mar. 30, 2018) ("Numerous courts have also recognized mold in

7

a prison does not automatically violate an inmate's constitutional rights."))

Plaintiff also complains of the high prices in the canteen, giving an example of an item that sells for $1.28 but actually costs twenty cents. Offering products for sale to pretrial detainees is a legitimate governmental objective of maintaining safety because access to the canteen can be used as a reward for good behavior. The Court does not find that being charged approximately one dollar in excess of the alleged cost is excessive in relation to the legitimate governmental objective. Therefore, upon conclusive screening of the complaint, the Court would dismiss Plaintiff's Fourteenth Amendment Due Process claims without prejudice for failure to state a claim.

III. CONCLUSION

The Court will administratively terminate this action, subject to reopening. An appropriate Order follows.


DATE:   January 4, 2021

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**

8